# United States Court of Appeals for the Federal Circuit

---

**IN RE: GESTURE TECHNOLOGY PARTNERS, LLC,**
*Appellant*

---

2025-1075

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 90/014,901.

---

Decided: December 1, 2025

---

JOHN WITTENZELLNER, Williams Simons & Landis PLLC, Philadelphia, PA, argued for appellant. Also represented by MARK JOHN EDWARD MCCARTHY, FRED WILLIAMS.

MARY L. KELLY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee John A. Squires. Also represented by SARAH E. CRAVEN, MICHAEL S. FORMAN, NICHOLAS THEODORE MATICH, IV, ROBERT J. MCMANUS.

---

Before LOURIE, BRYSON, and CHEN, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Gesture Technology Partners, LLC ("Gesture") appeals from an *ex parte* reexamination decision of the United States Patent and Trademark Office ("the Patent Office")

Patent Trial and Appeal Board ("the Board") affirming the unpatentability of claims 1–30 of its U.S. Patent 7,933,431 ("the '431 patent") as either anticipated or obvious. *Ex parte Gesture Tech. Partners LLC*, No. 2024-002449, Reexamination 90/014,901 (P.T.A.B. Sep. 13, 2024) ("*Decision*"), J.A. 1–50. Only claims 11 and 13 are at issue in this appeal. For the following reasons, we *affirm* in part and *dismiss* in part.

BACKGROUND

The '431 patent is directed to a method and apparatus used "to enable rapid TV camera and computer based sensing" of objects and human input for use in various applications, including "handheld devices, cars, and video games." '431 patent at Abstract. It originally issued with 31 claims. *Id.* col. 25 l. 39–col. 26 l. 62.

Samsung Electronics Co. ("Samsung") requested an *ex parte* reexamination of the '431 patent, J.A. 152–263, which the Patent Office granted, J.A. 449–51.

While this *ex parte* reexamination was pending, so too were two *inter partes* reviews ("IPRs") concerning the '431 patent. Unified Patents LLC, an organization of which Samsung is a member, petitioned for one of the IPRs, seeking to invalidate claims 7–13 of the '431 patent. *Unified Patents LLC v. Gesture Tech. Partners LLC*, IPR2021-00917 (P.T.A.B. May 14, 2021), Paper 1 (petition for IPR), J.A. 1102–62 ("the Unified Patents IPR"). Other entities, none of which are party to this case, petitioned for the other IPR, seeking to invalidate claims 1–31 of the '431 patent. *Apple Inc. v. Gesture Tech. Partners LLC*, IPR2021-00920 (P.T.A.B. May 21, 2021), Paper 1 (petition for IPR), J.A. 1179–259 ("the Apple IPR"). Both resulted in the Board issuing a final written decision, invalidating claims 7–9 and 12 in the Unified Patents IPR, and invalidating claims 1–10, 12, and 14–31 in the Apple IPR.

After the Board issued its final written decision in the Unified Patents IPR, Gesture petitioned to terminate the pending *ex parte* reexamination, asserting Samsung, as a party to the Unified Patents IPR, was estopped under 35 U.S.C. § 315(e)(1) from "maintain[ing] a proceeding" at the Patent Office challenging the '431 patent on grounds it could have raised in the IPR. *See* J.A. 643–71. The Patent Office denied the petition and concluded that the estoppel provision of § 315(e)(1) does not apply to ongoing *ex parte* reexaminations. J.A. 908–10.

The two IPR decisions have both been before us and, after Gesture initiated this appeal, we held that all claims but 11 and 13 of the '431 patent, both of which depend from claim 7, are unpatentable. *Apple Inc. v. Gesture Tech. Partners, LLC*, 129 F.4th 1367, 1370 (Fed. Cir. 2025); *Gesture Tech. Partners, LLC v. Unified Patents, LLC*, No. 2023-1444, 2025 WL 687040, at *1 (Fed. Cir. Mar. 4, 2025).

In this *ex parte* reexamination, an examiner issued a final office action rejecting claims 11 and 13 as anticipated by U.S. Patent 5,982,853 ("Liebermann"), J.A. 559, and the Board affirmed, *Decision* at 13–26. Liebermann is directed to:

> An electronic communications system for the deaf [that] includes a video apparatus for observing and digitizing the facial, body[,] and hand and finger signing motions of a deaf person, an electronic translator for translating the digitized signing motions into words and phrases, and an electronic output for the words and phrases. The video apparatus desirably includes both a video camera and a video display which will display signing motions provided by translating spoken words of a hearing person into digitized images.

J.A. 951 at Abstract.

4                IN RE: GESTURE TECHNOLOGY PARTNERS, LLC

A chart showing the timeline of the *ex parte* reexamination and the two IPRs concerning the '431 patent is provided below:

| Nov. 2021 | Samsung Requests *ex parte* Reexamination |
| Jan. 2022 | Patent Office Grants Reexamination 90/014,901 |
| Nov. 2022 | Board Issues Unified Patents IPR Final Written Decision, Invalidating Claims 7–9 and 12 IPR2021-00917 |
| Nov. 2022 | Board Issues Apple IPR Final Written Decision, Invalidating Claims 1–10, 12, and 14–31 IPR2021-00920 |
| Sep. 2024 | Board Issues Reexamination Decision, Invalidating Claims 1–30 Appeal 2024-002449 |
| Mar. 2025 | This Court Affirms IPR Decisions Invalidating Claims 1–10, 12, and 14–31 IPR2021-00917 and IPR2021-00920 |

Gesture timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

### DISCUSSION

As noted, we have previously affirmed the Board's invalidation of all claims of the '431 patent but claims 11 and 13. *Apple Inc.*, 129 F.4th at 1370; *Gesture Tech. Partners*, 2025 WL 687040, at *1. Our previous "affirmance renders final a judgment on the invalidity of [those claims], and has an immediate issue-preclusive effect on any pending . . . actions involving [those claims]." *See XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018). We therefore dismiss Gesture's appeal as to the previously invalidated claims. *See id.* at 1295. Thus, we need only address Gesture's challenges to claims 11 and 13, which both depend from claim 7.

The relevant claims read as follows:

7. Handheld computer apparatus comprising:

a housing;

a camera means associated with said housing for obtaining an image using reflected light of at least one object positioned by a user operating said object;

computer means within said housing for analyzing said image to determine information concerning a position or movement of said object; and

*means for controlling a function of said apparatus using said information.*

11. Apparatus according to claim 7, further including means for transmitting information.

13. Apparatus according to claim 7, wherein said apparatus is a cellular phone.

'431 patent col. 25 l. 61–col. 26 l. 5, col. 26 ll. 12–13, col. 26 ll. 16–17 (emphasis added).

Gesture argues that the Patent Office erred in determining that the estoppel provision of 35 U.S.C. § 315(e)(1) does not apply to pending *ex parte* reexamination proceedings and that the Board incorrectly found that claims 11 and 13 of the '431 patent were anticipated by Liebermann. We address each in turn.

I

We begin with Gesture's argument that the Patent Office erred by not terminating the subject *ex parte* reexamination because it improperly interpreted the estoppel provision of 35 U.S.C. § 315(e)(1) as being inapplicable to ongoing *ex parte* reexamination proceedings. Statutory construction is a question of law that we review de novo. *See Leming v. Sec'y of Health & Hum. Servs.*, 98 F.4th 1107, 1111 (Fed. Cir. 2024) (citation omitted).

Section 315 provides in relevant part:

*The petitioner* in an [IPR] of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, *may not request or maintain a proceeding* before the Office with respect to that claim on any ground that the petitioner raised or reasonably could have raised during that [IPR].

35 U.S.C. § 315(e)(1) (emphases added).

Gesture specifically argues that the Patent Office should have terminated the ongoing *ex parte* reexamination because Samsung, as a member of the petitioner in the Unified Patents IPR challenging the '431 patent, cannot "maintain a proceeding" at the Patent Office challenging the same patent after a final written decision in the IPR issued.  Gesture argues that, because an *ex parte* reexamination is a "proceeding before the Office," § 315(e)(1) estoppel applies.  We disagree.

The statute provides that "[t]he *petitioner* in an [IPR] of a claim of a patent . . . *may not request or maintain* a proceeding before the Office" on certain grounds after the IPR decision issues.    35 U.S.C. § 315(e)(1)  (emphases added).  A petitioner requests a reexamination, *id.* § 302, and a petitioner may file a reply if the patent owner chooses to file a statement, *id.* § 304, but the petitioner does not maintain the proceeding.  Rather, the Patent Office does. *See Alarm.com Inc. v. Hirshfeld*, 26 F.4th 1348, 1351 (Fed. Cir. 2022) (citing 35 U.S.C. § 305; 37 C.F.R. § 1.550(g)) ("The [reexamination] statute does not provide for any involvement of the requester in the reexamination after the optional reply.").  We thus conclude that the estoppel provision of 35 U.S.C. § 315(e)(1) is inapplicable against the Patent Office to ongoing *ex parte* reexamination proceedings.  The Patent Office therefore properly denied Gesture's

petition to terminate the *ex parte* reexamination proceeding.

## II

We turn next to Gesture's arguments that the Board erred in affirming the examiner's determination finding that Liebermann anticipates claims 11 and 13 of the '431 patent. Specifically, Gesture argues that (1) Liebermann does not disclose certain limitations of claims 11 and 13 and (2) the Patent Office has no jurisdiction over the '431 patent because it is expired. Opening Br. 20–42, 62.

We start with Gesture's argument that Liebermann does not disclose a specific limitation. Gesture argues that the Board erred in finding that Liebermann discloses claim 7's "means for controlling a function of [the handheld computer apparatus] using [information concerning a position or movement of an object]." "Anticipation is a question of fact we review for substantial evidence." *In re Chudik*, 851 F.3d 1365, 1371 (Fed. Cir. 2017) (citation omitted). "The scope and content of the prior art is a question of fact, reviewed for substantial evidence." *Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, 18 F.4th 1377, 1382 (Fed. Cir. 2021) (citation omitted).

The Board determined that "means for controlling a function of [the handheld computer apparatus] using [information concerning a position or movement of an object]" is a means-plus-function claim requiring the apparatus to "(1) receive position information, (2) correlate the position information with a function of the apparatus, and (3) cause the apparatus to perform the function." *Decision* at 9 (cleaned up). The Board construed "correlate" as "to place in or bring into mutual or reciprocal relation; establish in orderly connection." *Id.* at 10. The Board then found that Liebermann's device "correlates" image information from its camera with a function by "transforming the image into unique identifiers to be transmitted." *Id.* at 23.

Gesture argues that the Board's finding with respect to correlating information is not supported by substantial evidence. Specifically, Gesture argues that Liebermann does not correlate information with a function of the apparatus, and therefore does not anticipate the limitation because "Liebermann's sending function is always selected, and the sending function always operates in the same manner . . . . There is no relationship, or correlation, between the content of the captured image and the selection of the sending function." Opening Br. 35. We disagree.

Liebermann discloses a "transmitter/receiver device" with a camera that does "initial processing" of images captured by the camera. J.A. 970 col. 6 ll. 42–47. The "initial processing" consists of collapsing the captured image "into a small set of fixed identifiers," which are then sent to a data processing center. *Id.* col. 6 ll. 47–52. Liebermann's Figure 1 illustrates its process. Figure 1 discloses that a "deaf person uses sign language in front of [the] device," then a "camera in the device captures the images," and then the "images [are] reduced to pertinent data after [the] gesture start and end is determined." J.A. 952. This, combined with Liebermann's statement that "[a]t the end of the initial processing, the resulting information is sent as data . . . to the data processing center," J.A. 970 col. 6 ll. 49–52, supports the Board's conclusion "that Liebermann's 'transmit' function is controlled from moment to moment to send varying digitized data during the process of 'transmitting the digitized signing motions or their digital identifiers to the translating means,'" *Decision* at 24 (quoting J.A. 969 col. 3 ll. 40–42). That is, Liebermann's disclosures support the conclusion that its device "correlates [an] image with a transmission function by transforming the image into unique identifiers to be transmitted." *Id.* at 23. Substantial evidence therefore supports the Board's conclusion that Liebermann discloses correlating position information with a function of the apparatus.

Next, Gesture argues that the Board had no jurisdiction to invalidate the '431 patent because it was expired. We have previously rejected similar arguments with respect to IPRs because a patentee "maintains some rights, such as [the right to bring] an action for past damages" after its patent expires, thus "creat[ing] a live case or controversy, which can be adjudicated by an IPR and in proceedings before this court on appeal." *Apple Inc. v. Gesture Tech. Partners, LLC*, 127 F.4th 364, 368–69 (Fed. Cir.) ("We confirm here that the Board has jurisdiction over IPRs concerning expired patents."), *cert. denied*, No. 24-1280 (U.S. Nov. 17, 2025). Gesture offers no argument why *ex parte* reexamination proceedings are, or should be, viewed differently, and instead repeats arguments that we have already rejected with respect to IPRs. Indeed, the reasoning we applied for IPRs applies here. A patent owner maintains some rights after the patent expires, including the right to sue for past damages, which can create a live case or controversy that can be resolved by an *ex parte* reexamination. *See id.* We reject Gesture's argument here with respect to *ex parte* reexaminations and confirm that the Board has jurisdiction over *ex parte* reexaminations concerning expired patents.

## CONCLUSION

We have considered Gesture's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the decision of the Board as to claims 11 and 13. We dismiss as to claims 1–10, 12, and 14–30.

### AFFIRMED-IN-PART AND DISMISSED-IN-PART

## COSTS

Costs to appellee.